# IN THE COURT OF APPEALS OF IOWA

No. 16-0868
Filed August 16, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRADLEY DAVISSON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Carol S. Egly (motion to suppress) and Cynthia M. Moisan (bench trial), District Associate Judges.

A defendant challenges the probable cause supporting a search warrant to obtain his DNA. **AFFIRMED.**

Heidi Young of Parrish Kruidenier Dunn Boles Gentry Brown & Bergmann L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**SCOTT, Senior Judge.**

Bradley Davisson was found guilty of operating a vehicle without the owner's consent, in violation of Iowa Code section 714.7 (2015). In this appeal he challenges the district court's denial of his motion to suppress. He asserts there is a lack of probable cause supporting the search warrant that was used to obtain a sample of his DNA.

Search warrants are only to issue upon a finding of probable cause. *State v. Green*, 540 N.W.2d 649, 655 (Iowa 1995). The test the issuing judge must apply is "whether a reasonably prudent person would believe that a crime has been committed on the premises to be searched or evidence of a crime is being concealed there." *Id.* There must be "a nexus between criminal activity, the things to be seized, and the place to be searched." *Id.* (citation omitted). On appeal, while our review is de novo, "our task is not to make an independent determination of probable cause, but only to determine whether the issuing magistrate had a 'substantial basis for . . . conclud[ing] that probable cause existed.'" *Id.* (alteration in original) (citation omitted). We are "obliged to give great deference to a magistrate's finding of probable cause to search." *Id.* "Close cases must be resolved in favor of upholding warrants, as public policy is promoted by encouraging officers to seek them." *Id.*

In this case, on April 7, 2015, a Cadillac was stolen from a vehicle dealer in Des Moines. Two days later on April 9, it was discovered in Madrid, Iowa, in a parking lot with a plastic drink cup and straw inside. Officers suspected Davisson of the theft and applied for a search warrant to obtain his DNA to test against the cup and straw found in the car. In support of the search warrant, the officers

averred Davisson was arrested in Des Moines for possession of drug paraphernalia on April 6, 2015. The vehicle he was in at the time of his arrest was a Yukon, which was later determined to have been stolen from the same parking lot in Madrid where the Cadillac was found. Davisson was released from the Polk County Jail on April 7, 2015, the day the Cadillac was stolen, and the jail is located approximately eight blocks from the vehicle dealer where the Cadillac was stolen. Two days later, Davisson was arrested in a truck that was also stolen on April 7, 2015, from a parking lot in Madrid across the street from where the Cadillac was found and where the Yukon had been stolen earlier.

On appeal, Davisson asserts this information only puts him in proximity to where the Cadillac was located and provides no additional information linking him to the theft of the Cadillac. From our review of the record presented to the issuing magistrate, it is reasonable to deduce that Davisson first stole the Yukon from a parking lot in Madrid and drove it to Des Moines, where he was arrested in the Yukon on April 6. When he was released from jail the next day, he walked the eight blocks to the vehicle dealer, stole the Cadillac, and drove it back to Madrid, first stopping to obtain a drink at a gas station. He abandoned the Cadillac in the same parking lot where he had initially taken the Yukon, walked across the street, and stole the truck. He was arrested in possession of the truck two days later.

Davisson's proximity to the location where the Cadillac was stolen in Des Moines and the location where it was recovered in Madrid, along with his possession of two other stolen vehicles taken from the same location in Madrid in the days surrounding the theft of the Cadillac, provided the issuing judge the

nexus between Davisson and the crime. As the district court noted in ruling on Davisson's motion to suppress, there was probable cause to believe "someone might have dropped off one stolen vehicle and picked up and stole another vehicle."

Giving deference to the judge's probable cause finding, we find there was a "substantial basis for . . . conclud[ing] that probable cause existed" to obtain Davisson's DNA in order to test it against the cup and straw found in the Cadillac. *See id.* We affirm the district court's decision denying Davisson's motion to suppress.

**AFFIRMED.**